UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY J. SMERALDO,

                Plaintiff,

v.

CITY OF JAMESTOWN, ET AL.,

                Defendants.

**DECISION AND ORDER**
09-CV-223S

## I. INTRODUCTION

Plaintiff Timothy J. Smeraldo commenced this civil rights and breach of contract action by filing a Complaint in the District Court for the Western District of New York. (Docket No. 1.) Therein, he alleges that Defendants the City of Jamestown, Rexford H. Rater, Barry L. Swanson, Lee C. Davies, and Robert Samuelson violated his rights under the First Amendment and Due Process clause, as well as committed a breach of contract and engaged in tortious interference with governmental processes. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and New York State law.

Presently before this Court is Defendants' Amended Motion for Summary Judgment seeking dismissal of the Complaint in its entirety.[1] (Docket No. 20.) Plaintiff opposes the motion.[2] For the reasons stated below, Defendants' motion is granted.

---

[1] In support of their Amended Motion for Summary Judgment, Defendants filed the Affidavit of Marilyn Fiore-Nieves, Esq.; a Memorandum of Law and Exhibits; a Statement of Facts; a Reply Memorandum; and a Statement of Facts with signature block. (Docket Nos. 20, 28, 29, 30.)

[2] In opposition to Defendants' motion, Plaintiff filed a Memorandum of Law; a Statement of Facts; the Affidavit of Timothy J. Smeraldo; and the Affidavit of John J. Keenan, Esq. (Docket Nos. 22, 23, 24, 25.)

1

## II. BACKGROUND

**A.     Facts**

Timothy J. Smeraldo, Plaintiff, is a resident of Jamestown, New York. (Complaint, ("Comp."), Docket No. 1, ¶ 4.) Defendant, the City of Jamestown, is a municipal corporation organized under the laws of New York State. (Id. ¶ 5.) The remaining defendants are, or were at all relevant times, employed by the City of Jamestown. (Id. ¶¶ 6-9.) Defendant Rexford H. Rater is the Director of Public Safety for the City of Jamestown and the Police Chief of the Jamestown Police Department ("JPD"). (Defendants' Statement of Material Facts ("Defs.' Statement"), Docket No. 30, ¶ 4.) Defendants Barry L. Swanson and Robert Samuelson are captains in the JPD. (Id. ¶ 5, 7.) Defendant Lee C. Davies is a retired captain, formerly of the JPD. (Id. ¶ 6.)

Plaintiff was employed by the JPD as a police officer from 1998 to November 26, 2007. (Non-movant's (Plaintiff's) Statement of Material Facts ("Pl.'s Statement"), Docket No. 25, ¶ 2.) On January 16, 2006, Plaintiff was involved in an incident during which Plaintiff allegedly assaulted an arrestee. (Id. ¶ 17.) As a result of this incident, Police Chief Rater suspended Plaintiff for 30 days without pay. (Id. ¶¶ 20-21.) Subsequently, in lieu of disciplinary proceedings, Plaintiff and the JPD entered into a Stipulation and Agreement ("S&A") that contained the following relevant provisions: 1) Plaintiff would be demoted from the rank of lieutenant to sergeant, and agreed to work at that rank in the detective bureau; 2) Plaintiff affirmed that he had violated departmental policies and that "he will endeavor not to violate any other Department policy in the future;" 3) Plaintiff would enroll in an anger management course; and 4) all records relating to the charges would be sealed.

(Defendants' Amended Motion for Summary Judgment ("Defs.' Am. Mot."), Docket No. 20, Ex. D.) Five months later, Plaintiff was transferred out of the detective bureau. (Pl.'s Statement ¶ 30.)

On April 6, 2007, Plaintiff was served with civil service charges alleging that Plaintiff acted disrespectfully towards a superior officer, engaged in conduct unbecoming an officer, and violated the S&A. (Defs.' Statement ¶ 17.) These charges arose as a result of two comments made by Plaintiff in March 2007. In one, Plaintiff, while at a funeral home, represented to another individual that he was or was going to sue the JPD. (Defs.' Am. Mot., Ex. A, p. 16.) In the other, Plaintiff, while at a line-up, upon hearing that a particular lieutenant would be out of town, allegedly remarked that "at any given night or day that the superior officer is going to wonder who is fucking his wife . . . ." (Id. at p. 17.) Following a § 75 proceeding pursuant to New York's Civil Service Law, a hearing officer determined that the JPD had failed to show that Plaintiff's statements at the funeral home violated either the JPD's rules of conduct or the S&A. (Id. at p. 16.) The hearing officer also concluded that the JPD had made such a showing as to Plaintiff's line-up statements. (Id. at pp. 18-19.) On this basis, the hearing officer deemed the proposed penalty of termination appropriate. (Id. at p. 23.)

On November 26, 2007 Police Chief Rater, relying on the hearing officer's conclusion, terminated Plaintiff's employment. (Defs.' Statement ¶ 19.) Plaintiff appealed his termination. The hearing officer's findings were confirmed in a CPLR Article 78 proceeding and subsequently affirmed by the Supreme Court Appellate Division in the Fourth Judicial Department, on transfer from the Supreme Court in Chautauqua County. (Defs.' Am. Mot., Ex. B.)

**B. Procedural History**

Plaintiff filed a Complaint in the Western District of New York on March 12, 2009. (Docket No. 1.) Defendants filed an Answer thereto on April 9, 2009. (Docket No. 3.) Thereafter, Defendants filed an amended Answer on April 13, 2009. (Docket No. 5.) Filing irregularities required Defendants to resubmit their amended Answer on April 16, 2009. (Docket No. 6.) This case was referred to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all non-dispositive and procedural matters on April 21, 2009. (Docket No. 8.) Defendants then filed the instant Motion for Summary Judgment on September 23, 2009. (Docket No. 19.) Defendants resubmitted their motion as an Amended Motion for Summary Judgment the same day, including missing pages from the § 75 civil service hearing, previously marked as Exhibit A. (Docket No. 20.)

## III. DISCUSSION AND ANALYSIS

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed.2d 142 (1970). Summary judgment is proper "only when reasonable minds could not differ as to the import of evidence." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**B.     Collateral Estoppel**

Defendants argue that Plaintiff's claims are barred by the doctrine of collateral estoppel because Plaintiff's Complaint seeks to merely relitigate issues already decided in the § 75 civil service hearing, the CPLR article 78 proceeding, and the court's decision in Smeraldo v. Rater, 864 N.Y.S.2d 596 (N.Y. App. Div. 2008). Plaintiff responds that he did not have the ability to bring counterclaims in any of these forums and hence should not be barred from raising his claims here.

"[W]e begin by noting that factual findings from a state administrative hearing held pursuant to New York Civil Service Law § 75 and subsequently reviewed for substantial evidence in an Article 78 proceeding can serve as the basis for issue preclusion in federal court." Morey v. Somers Cent. Sch. Dist., No. 06 Civ. 1877(WCC), 2007 WL 867203, at *4 (S.D.N.Y. Mar. 21, 2007) (internal quotations and citations omitted). "Collateral estoppel prevents a party from relitigating an issue decided against that party in a prior adjudication." Curry v. City of Syracuse, 316 F.3d 324, 332 (2d Cir. 2003). Issue preclusion, or collateral estoppel, applies where: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous

proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2d Cir. 2005).

Here, charges to the effect that Plaintiff acted disrespectfully towards a superior officer, engaged in conduct unbecoming an officer, and violated the S&A were all heard and resolved by the hearing officer in the § 75 civil hearing. Hearings were held on June 14, July 24, July 25, and August 11, 2007 during which "[t]he Parties were accorded a full and fair hearing, including the right to present oral and written evidence and to examine and cross-examine witnesses." (Ex. A, p.1.) Plaintiff raised various arguments that were considered, and accepted or rejected, by the hearing officer. The hearing officer made a number of factual findings, and clearly laid out the grounds for his decision. This decision was, ultimately, to recommend Plaintiff's termination. The Court is satisfied that Plaintiff had a full and fair opportunity to litigate the issues raised in this proceeding. Thus, the only remaining questions are which issues were raised and whether they were necessary to support a valid and final judgment.

Defendants argue that each of Plaintiff's claims was previously raised in the § 75 civil hearing. "The burden of proof with respect to whether an issue is identical to one that was raised and necessarily decided in the prior action rests squarely on the party moving for preclusion." Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000). Although a review of the hearing officer's Findings and Recommendations reveals that certain issues and claims raised by Plaintiff are precluded as a result of the § 75 civil hearing, a number of Plaintiff's claims require additional consideration.

Count One of the Complaint alleges that Defendants infringed Plaintiff's freedom

6

of speech. This claim is not precluded. Plaintiff alleges that Defendants warned Plaintiff, and brought charges against him, because of the comments he made at the funeral home. (Comp. ¶¶ 109-112.) The hearing officer expressly found that, "to punish [Plaintiff] for the [funeral home] comments . . . would raise serious first amendment concerns" and therefore did not consider them in connection with the other charges. (Ex. A, p.16.) Having not relied on these comments in reaching his recommendation that Plaintiff be terminated, the hearing officer's findings as to Plaintiff's First Amendment claim were not necessary to his final judgment. Therefore that claim is not precluded.

Count Two of the Complaint alleges that Defendants opened sealed documents and is also not precluded. The hearing officer specifically stated that he was not considering the sealed documents in rendering his decision. (Id. at p.21.) Consequently, this issue was not necessary to render a final judgment and does not preclude the claim from being brought here.

Count Three of the Complaint alleges that Defendants denied Plaintiff his civil rights by creating a hostile work environment. This claim is precluded. In both his Complaint and the civil hearing, Plaintiff alleged that Defendants acted in a manner to threaten and intimidate him. Defendants allegedly wrote Plaintiff's badge number on a white or chalk board and then placed the board in a prominent part of JPD's indoor firing range. (Comp. ¶¶ 65-68; Ex. A, p.13.) The hearing officer concluded, as to Plaintiff's factual allegations, that "the record does not contain different treatment for a similarly situated employee with the past disciplinary record of Respondent." (Ex. A, p.23.) Had the hearing officer credited this allegation, he would have found Plaintiff the subject of disparate treatment, and adjusted his recommendation accordingly. Although Plaintiff now alleges that the

described conduct created a hostile work environment, rather than subjecting him to disparate treatment, the hearing officer's factual conclusions still have preclusive effect, and bar Plaintiff from re-raising the incidents here.  See Marvel Characters v. Simon, 310 F.3d 280, 288 (2d Cir. 2002) ("Collateral estoppel, or issue preclusion, prevents parties or their privies from religitating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding"); Marshall v. Nat'l Ass'n of Letter Carriers BR36, No. 03CIV1361LTSAJP, 2003 WL 22519869, at *6 (S.D.N.Y. Nov. 7, 2003) (finding plaintiff's claims barred "to the extent that they are premised on the events . . . described in [earlier] complaints").[3]

Count Four of the Complaint, alleging that Defendants conspired to deny Plaintiff his due process rights, is not precluded.  The hearing officer made no determination regarding Defendants' participation in a conspiracy to terminate Plaintiff.

Count Five and parts of Count Six of the Complaint are precluded in part.  Plaintiff alleges that Defendants breached their contract by reassigning him from the detective bureau to the post of patrol sergeant.  Plaintiff also alleges that Defendants coerced him into entering the agreement.  (Ex. A, p.15.)  As to the second assertion, "the Hearing Officer explicitly reject[ed] any claim by [Plaintiff] that he entered into the Agreement under duress."  (Id. at 20.)  Plaintiff's claim of duress is therefore clearly precluded.  His breach of contract claim, by contrast, is not.  Although the hearing officer examined and interpreted certain of the S&A's provisions, he did not consider those terms relating to

---

[3]Even if Plaintiff's factual allegations were not precluded, the Court concurs with the hearing officer's conclusion that they are unsupported by the record.  Plaintiff has submitted no corroborating evidence other than his own conclusory affidavit as to the alleged abusive conduct.

Plaintiff's assignment to the detective bureau. Plaintiff is therefore free to raise that claim in the present proceeding.

Consequently, this Court must give further consideration to those claims in the Complaint alleging that Defendants, 1) violated Plaintiff's rights to free speech and due process; 2) conspired to terminate him; and 3) breached the S&A.

**C.	Plaintiff's 42 U.S.C. § 1983 claims**

Plaintiff brings his First Amendment and due process claims pursuant to 42 U.S.C. § 1983. Civil liability is imposed under 42 U.S.C. § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S. Ct. 2689, 2695, 61 L. Ed.2d 433 (1979)). Accordingly, as a threshold matter in reviewing claims brought pursuant to § 1983, it is necessary to precisely identify the constitutional violations alleged. See Baker, 443 U.S. at 140.

Here, Plaintiff's claims are grounded in the First and Fourteenth Amendments. Defendants, in response to his free speech claim, argue that Plaintiff suffered no damages as a result of the alleged infringement and failed to adequately support his claim. Plaintiff replies that he is not required to prove damages and the only question should be whether Defendants engaged in the alleged conduct.

Although Plaintiff's claim is ambiguous, Plaintiff asserts that Defendants sought to

terminate him because of his statements in late March, 2007.  Framed in this way, the Court interprets Plaintiff as raising a First Amendment retaliation claim.  To prevail on such a claim, a plaintiff must prove that "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, 'so that it can be said that his speech was a motivating factor in the determination.'" Feingold v. New York, 366 F.3d 138, 160 (2d Cir. 2004) (quoting Mandell v. County of Suffolk, 316 F.3d 368, 382 (2d Cir. 2003)).  Even if a plaintiff meets this burden, an employer can still avoid liability by showing that it would have taken the same adverse action even without the protected speech.  Mandell, 316 F.3d at 382-83.

Here, Plaintiff's claim must fail because the adverse employment action, his termination, resulted from Defendants reliance on the hearing officer's decision.  (Defs.' Am. Mot., Ex. C.)  Termination of employment is clearly an adverse employment action. Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (quoting Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993)).  The hearing officer, in recommending Plaintiff's termination, found, however, that Defendants had failed to show how the funeral home statement violated the JPD's rules of conduct or the S&A.  His recommendation relied solely on the line-up comments, not the statements made at the funeral home.  Plaintiff is unable to show that he suffered an adverse employment action because his termination resulted from other statements he made, and which Plaintiff does not argue were matters of public concern.

Even if this Court accepted that the civil hearing was itself an adverse employment action, see Washington v. County of Rockland, 373 F.3d 310, 320 2d Cir. 2004) (holding

threat of administrative disciplinary hearing could constitute adverse employment action), Defendants can successfully show that the same adverse action would have resulted, even without the protected speech. The hearing officer ultimately did recommend termination, but did so exclusively because of Plaintiff's line-up statements. Consequently, whether or not Plaintiff made the funeral home statement, he would have faced the same disciplinary hearing, and received the same punishment.

For these reasons, Defendants' Amended Motion on Count One will be granted.

In regards to his due process claim, Plaintiff alleges that Defendants, without benefit of a court order, took possession of sealed documents and attempted to enter them into evidence at the civil service hearing. Plaintiff provides no further details on this claim, but the Court notes that, as with Plaintiff's First Amendment claim, the hearing officer did not consider the sealed statements Defendants attempted to introduce. There is nothing in the record showing that these documents were actually unsealed and revealed to anyone. Moreover, JPD would already have been in possession of these documents, contrary to the Complaint's assertion that Defendants "took possession" of the sealed documents.

The Court concludes that, without more, Plaintiff cannot prevail on his civil rights claims under Count Two. Defendants' Amended Motion for Summary Judgment as to Plaintiff's Count Two will therefore be granted.

**D.     Plaintiff's 42 U.S.C. § 1985 claims.**

Plaintiff alleges that Defendants entered into a conspiracy to terminate him in violation of 42 U.S.C. § 1985. Plaintiff does not specify under which subsection of §1985 he brings his claim. However, given that § 1985(1) applies to impeding federal officers from discharging their duties, and § 1985(2) applies to witnesses and jurors, the Court

assumes Plaintiff intends to bring a claim under § 1985(3). Pursuant to § 1985(3) a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of the citizens of the United States." Adams v. Smith, No. 08:07-CV-0452 (LEK/RFT), 2007 WL 2323435, at *2 (N.D.N.Y. 2007) (quoting Fox v. City of New York, No. 03 Civ. 2268, 2004 WL 856299, at *9 (S.D.N.Y. Apr. 20, 2004)). A claim under § 1985(3) will only be successful where a plaintiff shows a causal link between the alleged discriminatory conduct and the plaintiff's membership in a protected class. See Pabon v. New York City Transit Auth., 703 F. Supp. 2d 188, 202 (E.D.N.Y. 2010).

In addition to not providing any factual support for his conspiracy claims, other than those already found precluded, Plaintiff also does not argue that he is a member of a protected class or that Defendants discriminated against him on the basis thereof. Consequently, Defendants' Amended Motion for Summary Judgment will be granted on Count Four, as well as Count Seven, which also, without factual support, alleges a conspiracy to terminate Plaintiff.

Whether independently of, or in conjunction with, his conspiracy claim, Plaintiff also alleges that Defendants engaged in ex parte communications with the civil hearing officer. Plaintiff does not identify the nature of these communications. Nor does he specify when or where they took place, what effect they had on the hearing officer, or how they harmed Plaintiff.

Assuming Plaintiff's allegations are true, Plaintiff has still not alleged an actionable

violation of his rights. See Polin v. Kellwood Co., 103 F. Supp. 2d 238, 263-64 (S.D.N.Y. 2000) (finding no impropriety where party engaged in ex parte communications with arbitrator regarding procedures, scheduling, and arranging for transcripts). Aside from Plaintiff's failure to submit non-conclusory evidence, the Court observes that the hearing officer did not agree with all of Defendants charges. The hearing officer expressly found the funeral home comments did not violate the JPD's rules of conduct or the S&A. This result is contrary to Plaintiff's implication that Defendants' impermissibly influenced the proceeding.

Moreover, the hearing officer's decision was reviewed and affirmed in both a CPLR Article 78 proceeding and by the court in Smeraldo, 864 N.Y.S.2d at 596. Plaintiff, in neither proceeding, raised the issue of ex parte communications. Considering all this, and the otherwise total lack of evidentiary support for Plaintiff's position, Plaintiff's claim of improper ex parte communications cannot be credited. See Polin, 103 F. Supp. 2d at 264.

**E.     Plaintiff's Breach of Contract claim**

The final claim to survive preclusion is Count Six, which claims that Defendants breached the S&A. Plaintiff argues that the S&A promoted him to detective sergeant, and permanently assigned him to the detective bureau. (Pl.'s Statement ¶ 26; Comp. ¶ 171.) To establish a breach of contract claim, a plaintiff must demonstrate (1) that a contract between the parties existed; (2) that the plaintiff performed his obligations under the contract; (3) that the defendant breached its obligations under the contract; and (4) that the plaintiff suffered damages. Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); W.B. David & Co., Inc. v. DWA Commc'ns, Inc., No. 02 Civ. 8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 6, 2004).

13

Here, Plaintiff's claim must fail, first, because Plaintiff himself did not comply with the terms of the S&A. As already discussed, the hearing officer determined that Plaintiff had breached the agreement through his line-up comments, and that finding has preclusive effect. Second, even if Plaintiff had complied with the agreement, his claim would fail because Defendants committed no breach. Reviewing the terms of the S&A, it is clearly stated, contrary to Plaintiff's assertions, that he will be "demoted from the rank of Lieutenant to Sergeant." (Ex. D., ¶ 2.) The only time the agreement touches on Plaintiff's transfer to the detective bureau is when it states that Plaintiff would "report back to work . . . to begin his duties as a Sergeant in the detective bureau." (Id.) Nothing in the agreement addresses the duration of this assignment or promises its permanence. Moreover, the S&A is "the entire agreement with respect to the subject matter," and provides that all changes must be made "by express written consent of all Parties." (Id. ¶¶ 6, 9.) Plaintiff has provided the Court with no written modification of the agreement.

Consequently, Defendants' Amended Motion for Summary Judgment on Count Six will be granted.

**F.    Defendants' Remaining Arguments**

Defendants also argue that they cannot be held liable for their actions because they are entitled to qualified immunity. Because this Court grants Defendants' Amended Motion for Summary Judgment on the merits, it need not consider this further argument.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Amended Motion for Summary Judgment

14

is granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Amended Motion for Summary Judgment  (Docket No. 20) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  October 19, 2011
        Buffalo, New York

                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court